**Motion to Withdraw Granted, Affirmed as Modified, and Memorandum Opinion filed August 27, 2024.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-23-00785-CR

---

### ROBERT DEWOYNE LOTTS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 278th District Court
Leon County, Texas
Trial Court Cause No. 18-0046CR**

---

### MEMORANDUM OPINION

Appellant Robert Dewoyne Lotts appeals a judgment adjudicating guilt on a charge of burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02(a).

Appellant's appointed counsel filed a motion to withdraw and a brief in which he concludes the appeal is frivolous and without merit and there is no reversible error. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and supplying us

with references to the record and legal authority, demonstrating why there are no arguable grounds to be advanced for reversal of the judgment. *See High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se brief. *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). At appellant's request, the record was provided to him. As of this date, although more than 30 days have passed since the record was provided, no pro se brief has been filed. The State declined to file a brief in response to the *Anders* brief.

In the *Anders* brief, counsel has identified non-reversible error in the judgment. In an *Anders* case when non-reversible error is identified and the court has the necessary information for reformation, Texas courts of appeals may modify such judgments and affirm them as modified. *See Cummins v. State*, 646 S.W.3d 605, 610–18 (Tex. App.—Waco 2022, pet. ref'd) (elaborating on the procedure for modifying judgments and affirming them as modified in *Anders* cases in circumstances where only non-reversible error is found).

At the conclusion of the trial court's hearing on the State's motion to adjudicate guilt, the trial court stated on the record that it found true allegations that appellant violated conditions 1, 16, and 16(a) of his community supervision, and it expressly found not true the allegation appellant had violated condition 9 while observing there was "really no evidence presented on" allegations that appellant had violated any other condition of his community supervision. However, the written judgment reflects appellant was found to have violated condition 9 in addition to conditions 1, 16, and 16(a). Accordingly, we will modify the judgment to reflect the trial court did not find appellant to have violated condition 9. *See Ramsey v. State*, No. 10-19-00284-CR, 2021 WL 3773522, at *4

(Tex. App.—Waco Aug. 25, 2021, pet. ref'd) (mem. op. not designated for publication).

We have carefully reviewed the record and counsel's brief and agree that, except for the modification identified above, the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). We grant counsel's motion to withdraw.

The judgment of the trial court is affirmed as modified.

PER CURIAM

Panel consists of Justices Jewell, Zimmerer, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).